■ INVAR INTERNATIONAL, INC., et al., Respondents, v ZORLU ENERJI ELEKTRIK ÜRETIM ANONIM ŞIRKETI, Appellant. [927 NYS2d 330]—

Service of the petition was not mandatory under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 6638 [1969]; *see* Fed Rules Civ Pro rule 4 [f] [1]; *Kwon v Yun*, 2006 WL 416375, *2, 2006 US Dist LEXIS 7386, *7 [SD NY 2006]; *see also Volkswagenwerk Aktiengesellschaft v Schlunk*, 486 US 694 [1988]). Based on a showing of impracticability of service under the circumstances, the court properly directed alternative service pursuant to CPLR 311 (b) (*see e.g. David v Total Identity Corp.*, 50 AD3d 1484, 1485 [2008]).

The court's directive to serve respondent's counsel in the underlying arbitration was reasonably calculated to provide respondent with sufficient notice (*see e.g. In re Potash Antitrust Litig.*, 667 F Supp 2d 907, 931-932 [ND Ill 2009]). Moreover, respondent's presence in New York during negotiations for the loan agreement, during which respondent allegedly made misrepresentations that are central to the underlying dispute, was a sufficient basis to establish personal jurisdiction pursuant to CPLR 302 (a) (1) and (2) (*see George Reiner & Co. v Schwartz*, 41 NY2d 648 [1977]).

The preliminary injunction was not an improvident exercise of discretion. Petitioners claim an ownership interest in the subject property (two power plants in Moscow, Russia), and that the interest would be foreclosed upon without injunctive relief. The "award to which the applicant may be entitled may be rendered ineffectual without such provisional relief" (CPLR 7502 [c]).

Moreover, applying the traditional three-pronged analysis, petitioners were able to show a likelihood of success on the merits by demonstrating that their claims have prima facie merit, including a claim for fraudulent inducement based on alleged misrepresentations regarding respondent's affiliation with the intended lender in connection with the negotiation of a loan agreement (*see Matter of Witham v Finance Invs., Inc.*, 52 AD3d 403 [2008]). The court properly concluded that petitioners faced irreparable harm and that the balance of the equities was in their favor. Concur—Mazzarelli, J.P., Friedman, Renwick and Richter, JJ.